## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SOBEIDA CLAUDIO,

     *Plaintiff*,

v.

NANCY A. BERRYHILL, Acting Commissioner of
Social Security,

     *Defendant*.

No. 3:17-cv-1228 (MPS)

## RULING ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Plaintiff Sobeida Claudio filed an application for disability benefits on May 23, 2011.

ECF No. 19-2 at 2. A disability adjudicator in the Social Security Administration ("SSA") denied

her application and thereafter denied her request for reconsideration. *Id*. Plaintiff then appeared

before an Administrative Law Judge ("ALJ"), who denied her benefits; the Appeals Council for

the SSA remanded the case back to the ALJ; and the ALJ again denied her benefits. *Id*. at 2-3.

The Appeals Council then denied Plaintiff' request for review of the ALJ's decision, *id*. at 3, and

Plaintiff filed her Motion to Reverse the Decision of the Commissioner, ECF No. 19. Plaintiff's

motion was granted and the case remanded. ECF No. 23.

Plaintiff's counsel then filed a Motion for Attorney's Fees requesting $10,620.18 for a

total of 55.4 hours at an hourly rate of $191.70. ECF No. 25. Defendant filed an Opposition, ECF

No. 26, and Plaintiff filed a Response to the Opposition, ECF No. 27. For the reasons stated

below, the Motion for Attorney's Fees is GRANTED IN PART, in the amount of $7,246.26 for a

total of 37.8 hours at an hourly rate of $191.70.

## I. Discussion

The Equal Access to Justice Act ("EAJA") provides that a court may award attorney's fees to a prevailing party in a civil action against the United States. 28 U.S.C. § 2412. "[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Commr., I.N.S. v. Jean*, 496 U.S. 154, 163 (1990). A court must award fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "This Court has broad discretion in determining whether the amount of time expended by a plaintiff's counsel was reasonable." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014).

Plaintiff's counsel seeks an award of $10,620.18 for 55.4 hours of work at an hourly rate of $191.70. ECF No. 25 at 1-2. Defendant does not contest Plaintiff's entitlement to fees or the hourly rate, but argues that Plaintiff's counsel should be compensated $7,265.43 for 37.9 hours of work. ECF No. 26 at 1. Defendant argues (1) that counsel's request for 55.4 hours is excessive and unreasonable, *id*. at 4-5, and (2) that counsel should not be compensated for clerical tasks, *id*. at 5-6. I agree with Defendant.

### A. Hours Worked

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between 20 and 40 hours of attorney time to prosecute." *Cobb v. Astrue*, 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009); *see also Padula v. Colvin*, 602 Fed. Appx. 25, 28 (2d Cir. 2015) (summary order) ("81.8 hours amounts to over double the amount of

hours courts within this Circuit typically award for routine social security cases."). In determining whether the amount of time expended by a plaintiff's counsel was reasonable, "[r]elevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Barbour*, 993 F. Supp. 2d at 291 (internal quotation marks and citation omitted). A larger award may be reasonable where a case is not routine because of "the factual, substantive, and procedural complexity of the case; the size of the administrative record; and the efficacy of the attorney's efforts." *Forrest v. Colvin*, 2016 WL 6892784, at *3 (S.D.N.Y. Nov. 21, 2016).

Defendant argues that "counsel's EAJA fee request for 55.4[1] hours is excessive and unreasonable since this case did not involve any particularly complex, novel or unusual legal, factual or procedural issues." ECF No. 26 at 4. More specifically, Defendant notes that counsel seeks fees for 41.2 hours of researching and drafting the motion to reverse, and argues that this "request is excessive and unreasonable for this routine Social Security disability case." *Id.* Indeed, Plaintiff's counsel concedes that Plaintiff's medical conditions are "routine," ECF No. 27 at 1, and does not argue that the legal issues in this case were particularly novel or complicated. Moreover, Plaintiff's counsel appears to have significant experience litigating Social Security disability cases, ECF No. 26 at 5 n.1, and was already familiar with the facts and issues in this case as she represented Plaintiff at the administrative level, *id.* at 5. Nonetheless, Plaintiff's counsel argues that "the large size of th[e] record is not routine, and contributed to the amount of time spent on this file." ECF No. 27 at 1. She notes that the record was 1248 pages

---

[1] Both Plaintiff and Defendant assert that Plaintiff's counsel requests 55.4 hours, but the Court's calculation of the itemized time entries comes to 55.3 hours of work (9.9 hours for 2017 and 45.4 hours for 2018).

and that she spent "over 26 hours reading, outlining, organizing, and researching, before starting the substantive memorandum." *Id*. at 1-2.

Even with the large record, more than 41 hours to draft the motion to reverse (of which more than 26 hours were dedicated solely to reviewing and researching the record) is excessive in light of the routine medical conditions at issue, uncomplicated legal claims, and counsel's significant experience with Social Security disability cases and with Plaintiff's case at the administrative level. *See Forrest*, 2016 WL 6892784, at *4 (finding plaintiff's requested award "excessive and unreasonable" in part because "the issues involved in this case . . . are neither novel nor particularly complicated, especially not for [plaintiff's counsel], an experienced attorney in the field") (internal quotation marks omitted); *Barbour*, 993 F. Supp. 2d at 291 (reducing plaintiff's requested award despite a "considerable" record of almost 1000 pages because counsel did "little to demonstrate the complexity of the issues involved in this case," had experience with "hundreds if not thousands of disability matters," and "represented the Plaintiff in the administrative proceedings").

It is also excessive because some of the time was devoted to preparing a lengthy medical chronology, which was not necessary in light of the issues involved. Before the Plaintiff filed her brief, the Court entered a supplemental scheduling order which required the parties to attempt "to stipulate to the facts," and if a stipulation could not be reached, required the plaintiff to "attach a statement of facts in a narrative form." ECF No. 16 at 1-2. Although the time entries indicate that Plaintiff's counsel "sent medical chronology to defendant for review," ECF No. 25-1 at 2, there is no indication that the Plaintiff's counsel actually attempted to reach a stipulation as to the relevant facts – an attempt that might have resulted in a more succinct factual statement. In any event, the 8-page "medical chronology" filed by the Plaintiff goes well beyond the factual

narrative necessary to frame the issues raised in the appeal. For example, the factual narrative begins in the year 2000, over a decade before the treatment history that forms the basis for the Plaintiff's claims on appeal. ECF No. 19-1 at 1; *see also* ECF No. 19-2 at 15-19.

Accordingly, I agree with Defendant that a reduction is warranted, and I reduce the requested award by 16.2 hours, which brings the total time to 39.1 hours, an amount at the upper end of the range for routine cases in the Second Circuit.

B.     **Clerical Tasks**

Defendant next argues that Plaintiff should not be compensated for tasks that are clerical in nature. ECF No. 26 at 5. Plaintiff's counsel responds that the 1.3 hours she requested for filing the civil case and sending a letter to the client is not truly clerical time "as it could not have been performed by a secretary." ECF No. 27 at 2; *see* ECF No. 25-1 at 1 (requesting one hour for "Fil[ing] Civil Case on including Financial Affidavit, Informa Pauperis Motion and Complaint" and .3 hours for "Sen[ding] letter to client with copy of USDC filing"). She explains that office staff do not have access to the ECF system and so only she is able to file, download, and print documents. ECF No. 27 at 2. However, such clerical tasks are not compensable no matter who completes them. *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 151 (S.D.N.Y. 2015) ("[P]urely clerical or secretarial tasks should not be billed under fee shifting statutes regardless of who performs them.") (internal quotation marks omitted); *Seggerman v. Colvin*, 2014 WL 2534876, at *4 (D. Conn. June 5, 2014) ("[D]ownloading documents for service, preparing instructions to the U.S. Marshal and Social Security Information Sheet, and assembling papers for service . . . are not compensable under the EAJA."); *Gelinas v. Colvin*, 2014 WL 2567086, at *2 (D. Conn. June 6, 2014) ("Counsel's hours spent doing certain clerical tasks, such as drafting a certificate of service, converting documents to searchable format, downloading court documents from

CM/ECF, downloading the summons, compiling documents for service on defendant, and calendaring dates, are not compensable under the EAJA."). Accordingly, the Court disallows 1.3 hours for these tasks.

### C. Summary

Plaintiff's counsel requested $10,620.18 for a total of 55.4 hours at an hourly rate of $191.70. ECF No. 25. However, as discussed, the Court's calculation of the itemized time entries comes to 55.3 hours of work (9.9 hours for 2017 and 45.4 hours for 2018). *See* note 1. The Court then reduced this award by a total of 17.5 hours for the reasons discussed above. This results in an award for 37.8 hours at an agreed upon hourly rate of $191.70.

## II. Conclusion

For the reasons discussed above, the motion for attorney's fees is GRANTED IN PART, in the amount of $7,246.26 for a total of 37.8 hours at an hourly rate of $191.70.

IT IS SO ORDERED.

/s/ MICHAEL P. SHEA
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           July 10, 2018